■ JOHN LAMOT, Respondent, v JON S. GONDEK et al., Appellants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an amended judgment of the Supreme Court (Beisner, J.), entered

July 5, 1989 in Dutchess County, upon a verdict rendered in favor of plaintiff.

Plaintiff suffered injuries when his compact vehicle was struck in the rear by defendants' tractor trailer. In a bifurcated trial, defendants were found solely responsible for the accident and, after a trial on damages, the jury awarded plaintiff $842,393.28. Pursuant to the instructions of Supreme Court, the jury divided and itemized nonpecuniary damages as follows: pain and suffering from the accident through the trial, $27,900; future pain and suffering, $216,000; loss of enjoyment of life from the accident to the trial, $9,300; future loss of enjoyment of life, $36,000; mental suffering from the accident to the trial, $27,900; and future mental suffering, $108,000. Pecuniary damages were divided and itemized as follows: lost earnings from the accident to the trial, $37,333.28; future lost earnings, $279,960; and future lost pension benefits, $100,000. The court reduced the verdict to $797,093.28 eliminating separate portions of the award entitled loss of enjoyment of life (see, McDougald v Garber, 73 NY2d 246). This appeal by defendants ensued.

Defendants contend that the award of damages was both erroneous and excessive and against the weight of the evidence and urge that McDougald v Garber (supra) and Nussbaum v Gibstein (73 NY2d 912) preclude division of nonpecuniary damages into various categories. We agree. Mental suffering is an element of the pain and suffering experienced by injured parties (see, McDougald v Garber, supra, at 257). Accordingly, the judgment must be modified and a new trial ordered on the issue of nonpecuniary damages unless plaintiff consents to reduce the verdict by the sum of $135,900 representing that portion of the award relating to mental suffering as distinguished from pain and suffering.

Defendants next contend that it was error to permit plaintiff to testify as to his lost pension benefits and to permit introduction of an employee pension benefits booklet into evidence for computation of pecuniary losses relating to his pension rights. We note that defendants' failure to make a specific objection precludes our review of the introduction of the booklet (see, Richardson, Evidence § 538, at 530 [Prince 10th ed]). Plaintiff was knowledgeable about his salary and pension rights and capable of testifying to both items. At the time of the accident, plaintiff was earning $45,000 in base salary and qualifying for overtime as a mid-level manager with International Business Machines. He had achieved steady advancement after joining the company in 1963 and

was given a rating higher than "exceeded expectations" and would generally be eligible for salary increments. Plaintiff, an athletic individual without serious prior ailments, was unable to return to work after the accident and at age 54, qualified for and accepted early retirement. Defendants contend that computation of the lost earnings and pension rights required expert testimony. We disagree. Lost earnings and pension rights must be established with reasonable certainty focusing on a plaintiff's earning abilities both before and after the accident (*Johnston v Colvin,* 145 AD2d 846, 848). At trial, plaintiff demonstrated that his income in excess of $45,000 was replaced with an early pension of $17,000, resulting in lost income of $28,000 annually for 10 years, which supports the award of $279,960 for lost earnings. Similarly, the $100,000 award for lost pension benefits represents the $10,000 reduction in the pension he would have received annually for 10 years had he worked to normal retirement age. Given that plaintiff had a long successful career with his employer and was forced to retire 11 years before normal, we find the award of $100,000 in lost pension benefits to be within reason (*see, Johnston v Colvin, supra,* at 849; *see also, Ostrowski v Apex Mar. Corp.,* 123 AD2d 257, 259).

Defendants' remaining contention that the judgment is grossly excessive and against the weight of the evidence is without merit. While the division of nonpecuniary damages could result in duplication (*see, McDougald v Garber, supra,* at 257), the modification ordered has removed that risk. The nature and extent of the injuries sustained justify the jury award. The permanent and chronic back pain, coupled with the severe and debilitating restrictions on plaintiff's activities, fully support the verdict for pain and suffering which cannot be said to be unconscionable or outside reasonable bounds (*see, Bottone v New York Tel. Co.,* 110 AD2d 922, 924, *lv denied* 65 NY2d 610). It does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

Judgment modified, on the law and the facts, and a new trial ordered as to the issue of nonpecuniary damages only, unless, within 20 days after service of a copy of the order to be entered upon this decision, plaintiff shall stipulate to reduce the amount of the verdict in his favor by $135,900, reflecting the award for mental suffering, in which event the judgment, as so reduced, is affirmed, with costs to plaintiff. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.