■ KATHLEEN REED, Respondent-Appellant, v HARTER CHAIR CORPORATION, Doing Business as HARTER CORPORATION, Appellant-Respondent.—Casey, J. (1) Cross appeals (a) from a judgment of the Supreme Court (Viscardi, J.), entered November 7, 1990 in Saratoga County, upon a verdict rendered in favor of plaintiff, and (b) from an amended order and judgment of said court, entered June 7, 1991 in Saratoga County, which, *inter alia*, denied the parties' motions to set aside the verdict, and (2) appeal from an amended judgment of said court, entered June 19, 1991 in Saratoga County, upon a verdict rendered in favor of plaintiff.

On April 1, 1986 plaintiff, who then weighed 230 pounds and was employed as a full-time senior typist for the Saratoga County Mental Health Center, was injured in the course of her employment when she attempted to sit on a chair that collapsed. The base and pedestal separated from the seat and back, causing plaintiff to fall on the floor and strike her lower spine and buttocks. Consequently, plaintiff commenced this action against defendant, the manufacturer of the chair, asserting causes of action in strict products liability and tort. In its answer, defendant alleged that plaintiff was responsible for the incident.

It is undisputed that plaintiff had undergone a previous 1985 herniated disc operation from which she had been discharged in January 1986 and allowed to return to work, although she continued to receive physical therapy and have difficulties with her back up until the time of the collapse of the chair. The cause of the chair's collapse in plaintiff's current accident was shown by plaintiff's expert to have been a weld defect, and plaintiff's injury was described as a recurrence of the herniation of the L5-S disc. A second surgery on that disc was performed in March 1987. After this operation, plaintiff worked part time until she returned to her full-time duties in September 1987. In January 1988, plaintiff left her

position with the Mental Health Center and accepted employment with a beverage company in Syracuse at a salary in excess of her salary at the Mental Health Center. All of plaintiff's medical proof showed that her injury was a left-sided disc herniation caused by the fall from the chair and that her injury was permanent in nature and a competent producing cause of pain.

The doctor testifying for defendant attributed plaintiff's present condition to her 1985 ruptured disc, her considerable overweight condition and the present April 1, 1986 injury, in equal proportions. At the close of the proof, plaintiff moved for a directed verdict on the issue of liability and on the issue of plaintiff's comparative or contributory negligence. Defense counsel conceded that he did not prove contributory or comparative fault on plaintiff's part but argued the issue of defendant's liability, claiming that plaintiff had demonstrated no negligence, and that the defect in the chair was caused by its age and not by any manufacturing or design defect. Plaintiff countered this argument with the testimony of her expert, who opined that the weld was defective when the chair left defendant's plant, and defendant offered no proof to contest this showing. Supreme Court granted plaintiff's motion for a directed verdict to the effect that the jury should find defendant liable and that plaintiff in no way caused or contributed to her own injury.

After the jury was charged in accordance with the directed verdict, the jury returned a verdict on damages as follows: $30,000 for pain and suffering, $10,148 for lost earnings, $15,040 for medical and hospital expenses, $1,264 for household expenses, $100,000 for future pain and suffering, $100,000 for future loss of earnings, $175,000 for future medical and hospital expenses, and $12,000 for future household expenses. Defendant moved to set the verdict aside as excessive and against the weight of the evidence, and plaintiff cross-moved to set aside the part of the verdict regarding past and future damages for pain and suffering as inadequate. A judgment was entered on the verdict for $443,452 plus costs and disbursements. Thereafter, an amended order and judgment was entered, denying defendant's motion and plaintiff's cross motion. An amended judgment was then entered for $443,452 plus $700 in costs, for a total of $444,152. Defendant appeals from all three judgments and plaintiff cross-appeals from so much thereof as relates to the damages for past and future pain and suffering.

Defendant's first claim on appeal is that Supreme Court improperly instructed the jury on plaintiff's overweight condition, to which due exception was taken. It is defendant's position that the court's charge erroneously precluded the jury from considering the extent that plaintiff's weight gain independently caused an additional problem. This was the thrust of defendant's position at trial. Plaintiff testified about the numerous weight reduction programs she had unsuccessfully undertaken. The court charged that if plaintiff was an overweight person before the accident and lost some weight after the accident as recommended by her doctor, but was unable to remain on the diet prescribed so that her weight increased again, and her difficulties were further complicated by her injuries from the accident, it cannot be said that she did not make a good-faith effort to lose weight and her award of damages cannot be reduced because her effort was ineffective. Because this part of Supreme Court's charge is supported by our holding in *Close v State of New York* (90 AD2d 599), we find no error in the court's charge on this issue.

Furthermore, we do not regard the jury's award of damages as excessive or against the weight of the evidence. Defendant urges that the awards for future damages, lost earnings, medical expenses, household expenses, and pain and suffering materially deviated from what would be reasonable compensation (CPLR 5501 [c]; *see, e.g., Kirschhoffer v Van Dyke,* 173 AD2d 7, 10). It was the testimony of James Lambrinos that plaintiff's expected earnings for 14.7 years would have been $593,350, but due to plaintiff's disability her potential earnings were $204,105, for a lost earnings figure of $389,245. Thus, the jury's award of $100,000 was supported by the evidence and not excessive. As to the jury's award of $175,000 for medical expenses, Shawn Fazio, a doctor who had treated plaintiff, indicated in his pretrial testimony that plaintiff's injuries will be permanent, requiring continued medical care on a monthly or bimonthly basis, physical therapy, diagnostic testing and medications. Fazio also estimated the costs of these future medical necessities and Lambrinos projected these costs over plaintiff's remaining life and determined the amount to be $710,855. Thus, the award for plaintiff's future medical expenses was not excessive. Expert testimony in the record similarly establishes that the jury's award of $12,000 for household expenses cannot be considered to be against the weight of the evidence or excessive.

Plaintiff argues that the awards of $30,000 for past pain and

suffering and $100,000 for future pain and suffering are inadequate. We disagree. "[F]uture damages cannot be computed with exactitude" *(Kirschhoffer v Van Dyke, supra,* at 10), and the awards herein do not deviate materially from reasonable compensation *(see, Lamot v Gondek,* 163 AD2d 678 [wherein we affirmed damage awards of $27,900 and $216,000 for past and future pain and suffering, respectively, to a plaintiff in similar circumstances]).

Finally, defendant argues that Supreme Court erred in failing to structure an annuity contract for a part of the award of future damages. We agree. CPLR 5041 (b) authorizes entry of a judgment in a personal injury action in a lump sum for past damages and for future damages not in excess of $250,000, but for awards of future damages in excess of $250,000 "the court shall enter a judgment for the amount of the present value of an annuity contract that will provide for the payment of the remaining amounts of future damages in periodic installments" (CPLR 5041 [e]). "The statute unequivocally places the onus on the court to structure the judgment" and, therefore, the matter must be remitted to Supreme Court for proper application of CPLR 5041 *(Hill v Muchow,* 178 AD2d 954, 955).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment, amended order and judgment, and amended judgment are modified, on the law, without costs, by reversing so much thereof as includes a lump sum award for future damages in excess of $250,000; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.