■ FREIDA WENDELL et al., Respondents, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK SUPERMARKET, Appellant.—Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered July 30, 1991 in Rockland County, which granted plaintiffs' motion to set aside a verdict rendered in favor of plaintiff Freida Wendell as inadequate and granted a new trial unless defendant stipulates to an increased verdict.

On August 8, 1987, 54-year-old plaintiff Freida Wendell (hereinafter plaintiff) sustained injuries when she slipped and fell in defendant's supermarket. Negligence actions by plaintiff and her husband, seeking damages for personal injuries and derivative losses, followed. After a bifurcated trial, plaintiff was awarded $15,000 for past pain and suffering, $15,000 for future pain and suffering, $4,617 for past medical expenses, $5,000 for future medical expenses and $15,000 for past loss of earnings. Nothing was awarded for future loss of earnings and plaintiff's husband received no award for loss of services.

Supreme Court granted plaintiffs' motion to set aside the jury's pain and suffering verdict, finding it "so inadequate as to shock the conscience of the Court". A new trial was ordered unless defendant stipulated to pay plaintiff $75,000 for past pain and suffering and $100,000 for future pain and suffering. Defendant appeals.

Given that the jury awarded plaintiff damages for pain and suffering, medical expenses and lost wages, it necessarily follows that it found the proof sufficient to establish a causal connection between the accident and her injuries. Furthermore, the award for future pain and suffering, which the jury expressly indicated on the verdict sheet was intended to cover a period of 25 years (her life expectancy was 25 years), confirms that it found plaintiff's injuries to be permanent.

These findings are not against the weight of the evidence, as urged by defendant; to the contrary, it was undisputed that plaintiff had experienced two herniated discs, with impingement on the spinal cord and compression of a nerve leading to her shoulder and arm, and there was ample medical proof that this caused her pain. Although defendant's medical expert speculated that there could be other causes of the pain plaintiff had endured and would endure, he offered no proof

nor even a firm opinion as to a different cause. On cross-examination, he agreed that the pain was consistent with that caused by herniated discs, and further agreed that if as plaintiff testified that immediately after the fall she experienced neck pain radiating into her right shoulder and a diminution of her physical abilities, he would believe that there was a causal relationship between her symptoms and the accident. When considered with the proof offered on plaintiff's behalf, there is clearly sufficient evidence from which a jury could find that the accident caused the injuries themselves and plaintiff's continuing symptoms. Indeed, if the jury had not so found, there would be no basis for condoning even the modest verdict that was actually awarded.

In a tort case such as this, CPLR 5501 (c) dictates that the Appellate Division overturn a jury's money verdict when it "materially deviates" from what is considered reasonable compensation. As this same standard has been held to apply to a trial court (see, Shurgan v Tedesco, 179 AD2d 805, 806), it is necessary initially to assess whether Supreme Court acted judiciously when it overturned the jury's verdict. If that decision was made in accordance with the appropriate standard, and the original verdict was, indeed, inadequate, only then may we consider whether the court's substituted verdict is appropriate.

Trial testimony elicited from plaintiff discloses that since the accident she has been in constant pain, must resort to pain relievers, is required to perform isometric exercises daily at two-hour intervals, and wears a cervical collar to alleviate some of her discomfort. And, as she and other members of her family attested, she is still prevented from doing most of the activities she formerly enjoyed, including much of the housework—she was a fastidious housekeeper—gardening, raking, shoveling snow, carrying heavy items, dancing and bowling. These limitations have also affected plaintiff emotionally; she testified that she feels "tormented" because her activities have been so drastically curtailed. Her daughter also observed that plaintiff has been "irritable" since the accident and appears to be in pain, and plaintiff's husband testified that plaintiff is frequently irritable and tired, that she cries often, and that their sex life has suffered.

Plaintiff's expert indicated that plaintiff has considerable lack of motion in her back and radiating pain associated with neck motion; he opined that these symptoms will persist, even if she undergoes corrective surgery, and that they will most likely worsen over time. Although defendant's expert postu-

lated several possible causes of the herniation and pain—the accident, the aging process or plaintiff's part-time job waitressing three days a week—he did not question that plaintiff actually suffers from the pain she recounted.

Despite the fact that the jury obviously concluded her injuries were permanent—it awarded her damages to compensate her for the pain and suffering she would undergo during her life expectancy—the amount deviates materially from what, in our view, is reasonable compensation in similar circumstances (see, Reed v Harter Chair Corp., 185 AD2d 547, 550 [$100,000]; Diorio v Scala, 183 AD2d 1065, 1066-1067 [$170,000]; Lamot v Gondek, 163 AD2d 678, 679 [$216,000]; Bottone v New York Tel. Co., 110 AD2d 922, 922-924, lv denied 65 NY2d 610 [$380,000 total award]); accordingly, Supreme Court's determination to set aside this portion of the verdict and to award plaintiff $100,000 for future pain and suffering cannot be said to have been imprudent.

On the other hand, the jury's award for past pain and suffering—a period of four years—is not so inadequate as to require modification (see, Reed v Harter Chair Corp., supra [$30,000]; Diorio v Scala, supra [$30,000]; Hughes v Peters, 167 AD2d 687 [$16,500]; Lamot v Gondek, supra [$27,900]). We find Supreme Court's decision to override this aspect of the jury's verdict to have been an abuse of discretion. Inasmuch as the $15,000 award did not materially deviate from reasonable compensation (see, CPLR 5501 [c]), it should not have been set aside.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, to the extent that the $15,000 jury award for past pain and suffering is reinstated, and that part of the order directing that a new trial is to be held unless defendants stipulate to pay plaintiff $75,000 for past pain and suffering is deleted, and, as so modified, affirmed.