OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
*897 Viewing the evidence most favorably to plaintiff, the following facts supported the jury verdict in her favor. On Saturday, January 9, after paying a cash fee to a nurse at a facility leased to defendant-doctor, plaintiff was shown into an operating room and an abortion performed. The surgeon who actually performed the procedure told her to expect some cramps and, if they become serious, to take Tylenol, but said nothing further. As plaintiff was getting ready to leave the facility, the nurse at the reception desk told her to call for an appointment for a two-week follow-up visit. Plaintiff later made an appointment for Saturday, January 23.
The facility on January 16 received a pathology report suggesting the possibility that plaintiff was still pregnant, but did not inform her of this.
On January 22 or 23, plaintiff called to cancel her appointment, because of predicted bad weather, and rescheduled it for Saturday, January 30. During the week, however, her cramps progressively worsened until on January 29, she was taken to the emergency room of a New Jersey hospital. Feeling intense pelvic pressure, she sat on the toilet, where she delivered a 4 Vi-inch fetus. When she saw the fetus hanging from her, she began screaming until she was taken by wheelchair — with the fetus on her lap — to an examining room. After delivering the placenta, a doctor there held up the fetus and said, "I want you to see that this is a fetus, that it is a baby, that it is not just some tissue passed.”
As a result of the experience, plaintiff claimed she required psychiatric care; suffered posttraumatic depression, nightmares and sleeplessness; became withdrawn; and was reluctant for a substantial period of time to resume intimate relations with men. Plaintiff successfully argued to the jury that the surgeon who performed the abortion at defendant’s facility was negligent in failing to advise her of the pathology report — for which the facility was vicariously liable — and that the facility itself additionally was negligent in failing to secure her prompt return. Plaintiff was ultimately awarded $125,000 in damages — $20,000 for pain and suffering and $105,000 for emotional distress. We now affirm.
Essentially three contentions form the basis of this appeal, all correctly rejected below. Defendants first urge the absence of any causal relation between the alleged negligence and plaintiff’s injuries, insisting that there was no evidence *898 plaintiff would have returned for a second abortion had she been properly notified. Unlike Koehler v Schwartz (48 NY2d 807, affg 67 AD2d 963) — where plaintiff, a cancer patient, testified that she could not have endured a second abortion— here the jury could reasonably have inferred from the facts and circumstances that plaintiff would have undergone a second abortion had she been notified of the suggested failure of the first.
Second, relying on Prado v Catholic Med. Ctr. (145 AD2d 614), defendants insist that pain arising out of pregnancy is not actionable. Whether or not this Court would endorse such a doctrine, it is in any event inapplicable here, where plaintiffs pain emanated not from pregnancy or childbirth but from allegedly negligent abortion services, specifically the failure to notify her of her incomplete abortion and the failure to secure her prompt return to the facility. As the Appellate Division noted, the physical pains she suffered "most emphatically were not naturally associated with the abortion procedure for which she had contracted.” (179 AD2d 79, 84.)
Finally, defendants’ contention that emotional distress damages resulted from simply viewing the fetus, is similarly misplaced. As recognized by the Appellate Division, the claimed injury here was that suffered by plaintiff herself, in having to undergo the miscarriage rather than the procedure she had sought. "Accordingly, this is a malpractice action based on the failure to properly advise plaintiff of her condition which caused both her physical and emotional injuries.” (179 AD2d, at 85.) Indeed, the breach of duty owed directly to plaintiff leading to her emotional distress is plainly compensable under Martinez v Long Is. Jewish Hillside Med. Ctr. (70 NY2d 697, 699).
Defendants’ remaining contentions are without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order affirmed, etc.