■ WILMA D. EATON, as Legal Guardian of LINDA LEE HOLLENBECK, Respondent, v COMPREHENSIVE CARE AMERICA, INC., Appellant. [649 NYS2d 293] —Judgment unanimously reversed on the law without costs and new trial granted on nonpecuniary damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict by $250,000 in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Plaintiff commenced this action on behalf of her daughter seeking damages for personal injuries sustained by her daughter on January 13, 1992. On that date, plaintiff's daughter, who had suffered a disabling stroke and was in the care of a home health care aide provided by defendant, sustained severe burn injuries when she was left alone in a room for a few minutes with an absorbent pad tied around her neck and a cigarette and cigarette lighter at her disposal. Plaintiff alleged that defendant through its employee was negligent in allowing her daughter to smoke unattended, given that her right side was paralyzed, she was subject to tremors

and seizures and she suffered from impaired vision. The jury found that defendant was negligent and that defendant's negligence was the proximate cause of plaintiff's daughter's injuries. The jury awarded $19,920 for past medical expenses, to which the parties had stipulated, and awarded $250,000 for future medical expenses, $250,000 for shock and fright, $500,000 for past pain and suffering, and $500,000 for future pain and suffering, for a total verdict of $1,519,920.

Supreme Court did not err in excluding evidence that plaintiff's daughter was allowed to smoke unattended while in the care of members of her family. That evidence was not relevant on the issue whether defendant's employee was negligent in allowing plaintiff's daughter to smoke unattended while she was in the aide's care. We reject the argument of defendant that the court erred in denying admission of defendant's entire file and the entire file of the County of Oneida Department of Health concerning plaintiff's daughter's case. Defendant failed to establish the relevancy of the entire files. The court permitted admission of relevant portions of both files and acted well within its discretion in denying the wholesale admission of voluminous records of limited relevancy.

We agree with defendant's contention that the court erred in permitting the jury to award damages for shock and fright as a category of damages separate from past pain and suffering (*see, Lamot v Gondek,* 163 AD2d 678, 679; *see generally, McDougald v Garber,* 73 NY2d 246; *Nussbaum v Gibstein,* 73 NY2d 912, 914). Defendant stipulated to the amount of plaintiff's past medical expenses and does not argue on appeal that the award of $250,000 for future medical expenses is excessive. The awards for past and future pain and suffering do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). We therefore order a new trial on nonpecuniary damages only unless plaintiff stipulates to reduce the verdict by $250,000, the amount awarded for shock and fright. We have examined the remaining contentions raised by defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.— Negligence.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.