■ JOANNE BRENNAN et al., Appellants-Respondents, v BRUCE S. SHULMAN et al., Respondents-Appellants, and LISA PHILLIPS, Respondent. [759 NYS2d 102] —In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 19, 2000, as granted the motion of the defendant Lisa Phillips for summary judgment dismissing the complaint insofar as asserted against her, and as, upon reargument, granted those branches of the respective motions of the defendants Bruce S. Shulman, Bruce S. Shulman, M.D., P.C., Henry F. Gardstein, Jr., M.D., P.C., and Henry F. Gardstein, Jr., and the defendants North Shore University Hospital at Manhasset and Randi Rothstein, which were for summary judgment dismissing the first, second,

fourth, and fifth causes of action insofar as asserted against them, and (2) so much of an order of the same court (Skelos, J.), dated October 23, 2001, as, upon further reargument, adhered to the prior determination, and the defendants Bruce S. Shulman, Bruce S. Shulman, M.D., P.C., Henry F. Gardstein, Jr., M.D., P.C., and Henry F. Gardstein, Jr., cross-appeal, and the defendants North Shore University Hospital at Manhasset and Randi Rothstein separately cross-appeal, from (1) so much of the order dated December 19, 2000, as, upon reargument, denied those branches of their respective motions which were for summary judgment dismissing the third cause of action insofar as asserted against them, and (2) so much of the order dated October 23, 2001, as, upon further reargument, adhered to its prior determination denying those branches of their respective motions which were for summary judgment dismissing the third cause of action insofar as asserted against them.

Ordered that the appeals and cross appeal from the order dated December 19, 2000, are dismissed, as that order was superseded by the order dated October 23, 2001, made upon further reargument; and it is further,

Ordered that the order dated October 23, 2001, is modified, on the law, by deleting the provisions thereof that, upon reargument, denied those branches of the respective motions of the defendants Bruce S. Shulman, Bruce S. Shulman, M.D., P.C., Henry F. Gardstein, Jr., M.D., P.C., and Henry F. Gardstein, Jr., and the defendants North Shore University Hospital at Manhasset and Randi Rothstein which were for summary judgment dismissing the third cause of action insofar as asserted against them, and substituting therefor provisions granting those branches of the motions and dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, and the order dated December 19, 2000, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants and the respondent appearing separately and filing separate briefs.

The plaintiff Joanne Brennan became pregnant as a result of artificial insemination. She was informed by the defendants that the prebirth tests indicated a twin pregnancy. Although this diagnosis remained unchanged throughout her pregnancy, the plaintiff ultimately gave birth to only one child. Thereafter, Joanne and her husband commenced the instant action, asserting five causes of action.

The first cause of action alleged that the defendants caused

Joanne's emotional distress by falsely reporting the birth of only one child and absconding with the second child. The second cause of action alleges that the defendants caused the plaintiffs emotional distress by again falsely reporting the birth of only one child and negligently misplacing the second child. The third cause of action alleges that the defendants caused the plaintiffs emotional distress by negligently diagnosing the plaintiff as being pregnant with twins. The fourth cause of action alleges that the plaintiff's husband suffered emotional distress as the father of the missing second child. The fifth cause of action alleges that the defendants caused the plaintiffs emotional distress by wrongly disposing of the placental material and any other evidence of the birth of the second child.

Upon the respective motions of the defendants Bruce S. Shulman, Bruce S. Shulman, M.D., P.C., Henry F. Gardstein, Jr., M.D., P.C., and Henry F. Gardstein, Jr., and the defendants North Shore University Hospital at Manhasset and Randi Rothstein (hereinafter the defendants) for summary judgment, the Supreme Court dismissed the first, second, fourth, and fifth causes of action. However, the Supreme Court denied the defendants' motions insofar as they were to dismiss the third cause of action.

The Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the first, second, fourth, and fifth causes of action, finding that the defendants made a prima facie showing that the plaintiff Joanne Brennan gave birth to only one child, in response to which the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In any event, the plaintiffs' claims for emotional distress were not cognizable under New York law absent any evidence that they suffered an independent, causative physical injury (*see Lancellotti v Howard,* 155 AD2d 588 [1989]).

However, the Supreme Court erred in denying those branches of the defendants' motions which were for summary judgment dismissing the third cause of action, citing to *Ferrara v Bernstein* (81 NY2d 895 [1993]) and *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.* (72 NY2d 632 [1988]). The plaintiffs in both *Ferrara* and *Lynch* sustained some form of physical injury in addition to emotional harm. No such physical injury is alleged here, nor do the plaintiffs claim that the defendants' conduct unreasonably endangered the plaintiffs' safety or caused them to fear for their own safety (*see Earl v Goldstein,* 285 AD2d 442 [2001]; *Creed v United Hosp.,* 190 AD2d 489 [1993]).

The parties' remaining contentions are without merit or need not be reached in light of the foregoing. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.