James LENT, Plaintiff,

v.

**FASHION MALL PARTNERS, L.P.**
and Simon Property Group,
L.P., Defendants.

Fashion Mall Partners, L.P. and Simon
Property Group, L.P., Third–Party
Plaintiffs,

v.

Brookstone Company, Inc., Burns International Security Services Corporation, Pinkerton's, Inc., Western World Insurance Company, Tudor Insurance Company, and Lumbermen's Mutual Casualty Co., Third–Party Defendants.

No. 01 Civ. 6325 SCR.

United States District Court,
S.D. New York.

June 3, 2007.

James Lent, Silver Golub & Teitell, L.L.P., Stamford, CT, for Plaintiff.

Lawrence M. Berkeley, John W. Manning, Michael Felix Martino, Stein, McGuire, Pantages & Gigl, LLP, Livington, NJ, for Defendants.

Alyson M. Sciacca, Russell S. Jamison, Marin Goodman, Yolanda L. Ayala, Morris, Duffy, Alonso & Faley, Roger P. McTiernan, Barry, McTiernan & Moore, New York, NY, for Third–Party Defendants.

## DECISION AND ORDER

ROBINSON, District Judge.

### I.  Background

James Lent (the "Plaintiff") brought this diversity action in July 2001 in an effort to recover damages for injuries he suffered when he was assaulted on July 15, 1998 at the Westchester, a mall in White Plains, New York. On October 3, 2006, this Court denied the motion for summary judgment filed by Defendants Simon Property Group L.P. and Fashion Mall Partners, L.P. (the "Mall Defendants") against Plaintiff.[1]  On October 20, 2006, Mall Defendants filed a motion for reconsideration of the Court's October 3, 2006 Order pursuant to Southern District Local Rule 6.3 and Fed.R.Civ.P. 60(b).[2]  Specifically, Mall Defendants challenge each of this Court's grounds for denying the motion for summary judgment and maintain: (i) that as a matter of law, the assault on Plaintiff was not foreseeable; and (ii) that Mall De-

fendants' motion for summary judgment was not barred by this Court's scheduling orders. For the reasons set forth below, Mall Defendants' motion for reconsideration is DENIED.

### II.  Standard of Review

■ A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.  *See* S.D.N.Y. Local Civil Rule 6.3; *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).  Local Rule 6.3 "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Miller v. IBM World Trade Corp.*, No. 06 Civ. 4452(DLC), 2007 WL 1314614, *1, 2007 U.S. Dist. LEXIS 33143, *3 (S.D.N.Y. May 7, 2007) (citation omitted).  Indeed, reconsideration "should not be granted where the moving party seeks solely to re-litigate an issue already decided." *Shrader*, 70 F.3d at 257. The moving party may not "advance new facts, issues or arguments not previously presented to the Court." *Geneva Pharms. Tech. Corp. v. Barr Labs., Inc.*, No. 98 Civ. 3607(RWS), 2002 WL 1933881, at *1, 2002 U.S. Dist. LEXIS 15442, at *1 (S.D.N.Y. Aug. 21, 2002).

### III.  Analysis

#### A.  Foreseeability

For the most part, Mall Defendants' motion for reconsideration reiterates the legal

---

1.  Though the Decision and Order was signed by this Court on October 2, 2006, it was not formally docketed until October 3, 2006, making October 3 the relevant date for calculating all subsequent deadlines.  That Decision and Order will be referred to as the October 3, 2006 Order throughout this document.  The Court assumes that the parties are familiar with the facts and rulings set forth in the October 3, 2006 Order. Finally, though the October 3, 2006 Order resolved a total of six motions for summary judgment, the instant motion for reconsideration is directed only at Mall Defendants' motion for summary judgment against Plaintiff.

2.  Local Rule 6.3 specifies that "a notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion."  Here, Mall Defendants served such notice 12 business days after the entry of the October 3, 2006 Order, and filed the motion 13 business days after October 3. Despite the untimely service and filing, the Court will address the substance of Mall Defendants' motion.

and factual arguments set forth in its original motion papers. As set forth in the standard of review above, Defendants cannot succeed on a motion for reconsideration by simply endeavoring to re-litigate issues that have already been decided.

■ The only potentially viable point that would support reconsideration of the foreseeability section of the October 3, 2006 Order is Mall Defendants argument that the Court overlooked a properly presented legal issue by relying on cases from New York State's First Judicial Department rather than the Second Judicial Department. The Second Department includes Westchester County, where the acts alleged in the Complaint occurred. Mall Defendants' position, however, is flawed both as a factual and as a legal matter. First, in the eight pages of the October 3 Order that address the Mall Defendants' motion for summary judgment against Plaintiff, the Court cited to 12 cases, the majority of which were decisions of the New York Court of Appeals. Indeed, only two of the cases cited in that section of the opinion were from the New York Appellate Division, and both of those cases were from the Second Department. Notwithstanding this factual error, Defendants are also wrong as a legal matter as to which state courts this Court should look to when interpreting New York law. This Court is not obligated to follow the teachings of a particular New York Judicial Department; rather, "in deciding a disputed issue of state law in a diversity case, a federal trial court should attempt to discern what the *highest court* of that state would decide." *Rounds v. Rush Trucking Corp.*, 211 F.3d 185, 188 (2d Cir.2000) (emphasis added).

In sum, Mall Defendants do not present any arguments with respect to the foreseeability issue that persuade this Court that it should reconsider its October 3, 2006 Order. Accordingly, Defendants motion for reconsideration on this point is DENIED.

## B. Non-compliance with scheduling orders

In the October 3, 2006 Order, this Court found that Mall Defendants' motion for summary judgment against Plaintiff went beyond the leave granted by the Court on March 15, 2005 (docket number 54) for Mall Defendants to file "opposition papers to [Third–Party] defendant Burns' motion as well as well as cross motions." Mall Defendants now contest this Court's interpretation of its own Order of March 15, 2005 by making, in essence, the same arguments they advanced in their original reply brief on this motion. Defendants have not identified any factual matters or controlling decisions that this Court overlooked in its earlier decision, but to eliminate the possibility of confusion on this type of issue going forward, we will address this argument.

■ Mall Defendants point out that their February 8, 2005 letter application to the Court requested, among other things, permission to file "any cross motion seeking affirmative relief against any other party," and that by endorsing this letter as "so ordered," the Court necessarily agreed to allow Mall Defendants to file any motions it wanted against any party. Further, Mall Defendants maintain that the term "cross motion" is merely "a generic term used to refer to motions that are returnable at the same date and time as other pending motions." Mall Def. Mem. of Law at 7. Finally, Defendants indicate that they sent a letter to the Court on February 16, 2005 suggesting that they were contemplating a motion for summary judgment against Plaintiff, and that because the Court did not advise Defendants that such a motion was inappropriate, the motion should not be procedurally precluded.

Mall Defendants are incorrect on all three arguments. First, the Court's endorsement on the face of the February 8, 2005 letter did not indicate an acceptance of all of the language contained therein. Where, as here, the Court specifically handwrites a separate paragraph on such a letter, rather than underlining a particular phrase or simply endorsing the document without any notation, it is the handwritten material from the Court, and not the words chosen by the applicant, that constitute the official order. Second, even if that were not the case, Mall Defendants are mistaken in their understanding of the term "cross motion." Black's Law Dictionary clearly defines a cross motion as "a

competing request for relief or orders *similar to that requested by another party against the cross-moving party,* such as a motion for summary judgment or for sanctions" (emphasis added). Thus, a party cannot file a "cross motion" against a party that has not already moved against it. Here, various Third–Party Defendants had moved for summary judgment against Mall Defendants, but Plaintiff had filed no such motion against Mall Defendants; accordingly, Mall Defendants were in a position to file a cross motion against the Third–Party Defendants, but could not, by definition, file a *cross motion* against Plaintiff.

Finally, the issue of the February 16, 2005 letter is irrelevant. After considering the original letter of February 8, the Mall Defendants' letter of February 16, and other letters submitted in the interim by other parties, the Court "so ordered" its handwritten language on March 15, 2005. That order reflected the Court's consideration of all positions presented by counsel on this issue, and represented the final word on the Mall Defendants' request for extension of time. There is no dispute about the language used by the Court in its March 15, 2005 Order—opposition papers and cross motions were permitted. If Mall Defendants wanted to request leave to file a motion for summary judgment against Plaintiff, the application should have requested such permission explicitly. Alternatively, if there was any confusion about what the March 15, 2005 Order meant, it was incumbent upon counsel to seek further clarification from the Court, and not, as counsel suggests, the responsibility of the Court to ensure its common legal phraseology was properly understood.

Mall Defendants motion for reconsideration of this Court's October 3, 2006 ruling is therefore DENIED.

## IV. Conclusion

For the reasons stated above, Defendants' motion for reconsideration (docket number 73) is DENIED in its entirety.

*It is so ordered.*