■ KAREN JASON et al., Appellants, v LEWIS KREY et al., Respondents. [875 NYS2d 194]—

In an action, inter alia, to recover damages for medical malpractice and negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg J.), dated December 24, 2007, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In April 2003 the plaintiffs appeared for an appointment with the New York University School of Medicine program for in vitro fertilization (hereinafter IVF) for the implantation of an embryo which previously had been cryopreserved. During the procedures conducted prior to the implantation, it was discovered that there was a discrepancy between information verbally provided by the plaintiff Karen Jason immediately prior to the

scheduled implantation and the information contained in her records. The embryo implantation was delayed at the defendants' suggestion while an investigation was conducted, which allegedly revealed that the embryo was in fact the plaintiffs' biological product. The investigation reportedly revealed, however, that there were clerical errors in labeling the embryo and inputting information into the defendants' records. Subsequently, the plaintiffs decided not to implant the embryo.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and negligent infliction of emotional distress. The complaint alleges, among other things, that the plaintiffs suffered unspecified pain and suffering and mental and emotional anguish. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, arguing that New York law does not permit recovery for emotional harm unaccompanied by physical trauma. The plaintiffs opposed the motion, contending that Jason suffered physical trauma from taking the medications necessary to prepare her body to undergo IVF, which could have been avoided had the defendants timely detected and disclosed their alleged mislabeling of the embryo. The Supreme Court granted the defendants' motion. We affirm.

"In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650, 650-651 [2006]). Under this standard, the complaint fails to state a cause of action.

"[T]he 'circumstances under which recovery may be had for purely emotional harm are extremely limited and, thus, a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety' " (*Creed v United Hosp.*, 190 AD2d 489, 491 [1993], quoting *Lancellotti v Howard*, 155 AD2d 588, 589-590 [1989]). Here, the complaint alleges in conclusory fashion that Jason suffered physical injury. Furthermore, the plaintiffs' allegation in opposition to the motion that Jason suffered physical trauma due to the side effects of the medications taken in preparation for the IVF procedure is insufficient to sustain the complaint because the alleged physical discomfort or harm was a necessary component of the IVF

procedure which Jason would have suffered even in the absence of any alleged negligence (see id.).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.