■ ELENA NADAL, Respondent, v ANA M. JARAMILLO, Appellant. [959 NYS2d 505]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 15, 2012, which granted the plaintiff's motion to restore the action to the trial calendar and denied her cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion to dismiss the complaint is granted, and the plaintiff's motion to restore the action to the trial calendar is denied as academic.

The plaintiff, after undergoing a CT scan, learned that she was pregnant, and thereafter commenced this action against her physician, alleging, among other things, that the physician knew that the plaintiff was pregnant, but failed to inform her of that fact, and nonetheless conducted a CT scan. As made clear in the plaintiff's bill of particulars, the plaintiff sought to re-

cover damages from the defendant solely for the emotional distress arising from her fear that the CT scan might have harmed her unborn child. No claim was asserted that either the plaintiff or her child actually suffered any physical injury.

A court deciding a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action must accept the allegations in the complaint as true and accord the plaintiff every possible favorable inference from them. The motion must be granted when the allegations and inferences do not fit within any cognizable legal theory (*see Jason v Krey*, 60 AD3d 735, 736 [2009]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650, 650-651 [2006]).

New York courts have been reluctant to recognize claims grounded in negligence when the damages are solely emotional (*see Broadnax v Gonzalez*, 2 NY3d 148, 153 [2004]; *Cohen v Cabrini Med. Ctr.*, 94 NY2d 639, 644 [2000]; *Creed v United Hosp.*, 190 AD2d 489, 491 [1993]). While in some cases, which involve allegations that are not present here, a cause of action sounding in negligence may lie solely to recover damages for emotional injuries in the absence of physical harm (*see Martinez v Long Is. Jewish Hillside Med. Ctr.*, 70 NY2d 697, 699 [1987]; *Battalla v State of New York*, 10 NY2d 237, 238-239 [1961]), no New York case has recognized a theory of recovery so broad as the plaintiff asserts here (*see Lancellotti v Howard*, 155 AD2d 588, 589-590 [1989]). Essentially, the plaintiff contends that she is entitled to recover damages for emotional distress, because, as a result of the defendant's alleged negligent failure to inform her that the she was pregnant, she feared that her unborn child might be harmed (*see Jason v Krey*, 60 AD3d at 736-737; *Brennan v Shulman*, 304 AD2d 695 [2003]). No such claim is recognized under New York law (*cf. Sheppard-Mobley v King*, 4 NY3d 627, 637-638 [2005]). Accordingly, the complaint failed to state a cause of action, and the Supreme Court should have granted the defendant's cross motion to dismiss the complaint (*see Creed v United Hosp.*, 190 AD2d at 492).

Inasmuch as the defendant's cross motion to dismiss the complaint should have been granted, the plaintiff's motion to restore the action to the trial calendar must be denied as academic (*see Ingram v Long Is. Coll. Hosp.*, 101 AD3d 814 [2012]; *Kuffour v Whitestone Constr. Corp.*, 94 AD3d 706, 707 [2012]).

In light of our determination, we need not address the defendant's remaining contention. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.