[830 NE2d 301, 797 NYS2d 403]

Jo'Ell Sheppard-Mobley, by His Father and Natural Guardian, Lemuel Mobley, et al., Respondents, v Leslie King, M.D., et al., Appellants.

Argued March 21, 2005; decided May 10, 2005

628

**POINTS OF COUNSEL**

*McAloon & Friedman, P.C.*, New York City (*Timothy J. O'Shaughnessy* and *Lawrence W. Mumm* of counsel), for Leslie A. King, M.D. and another, appellants. I. The Appellate Division erred in failing to dismiss the infant's claim in its entirety on the ground that it is a wrongful life claim. (*Hayes v Kearney*, 237 AD2d 769; *Miccarelli v Fleiss*, 219 AD2d 469; *Batson v La Guardia Hosp.*, 194 AD2d 705; *Heyward v Ellenville Community Hosp.*, 215 AD2d 967; *Bellen v Baghei-Rad*, 148 AD2d 827.) II. The Appellate Division should have dismissed the mother's claims for emotional distress in their entirety. (*Heyward v Ellenville Community Hosp.*, 215 AD2d 967.) III. The Appellate Division erred in holding that *Broadnax v Gonzalez* (2 NY3d 148 [2004]) requires that a mother may recover for her emotional distress upon the birth of her baby in an impaired state. (*Becker v Schwartz*, 46 NY2d 401; *Howard v Lecher*, 42 NY2d 109; *Vaccaro v Squibb Corp.*, 52 NY2d 809; *Tebbutt v Virostek*, 65 NY2d 931; *Lafferty v Manhasset Med. Ctr. Hosp.*, 54 NY2d 277; *Landon v New York Hosp.*, 101 AD2d 489, 65 NY2d 639; *Royal v Booth Mem. Med. Ctr.*, 270 AD2d 243; *Altman v Alpha Obstetrics & Gynecology*, 255 AD2d 276, 93 NY2d 801; *Bermeo v Atakent*, 241 AD2d 235.)

*Marulli & Associates, P.C.*, New York City (*John Tomaszewski*

and *Pamela M. Gleit* of counsel), for Ira J. Spector, M.D., appellant. I. The Appellate Division's reversal of the IAS court, insofar as it reinstated the sixth cause of action seeking damages on behalf of respondent Karen Sheppard for the emotional distress and mental anguish allegedly suffered as a result of the infant respondent's birth-related injury, was in error. (*Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; *Broadnax v Gonzalez,* 2 NY3d 148; *Park v Chessin,* 46 NY2d 401; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Tebbutt v Virostek,* 65 NY2d 931.) II. The Appellate Division erred in affirming the IAS court's denial of summary judgment in favor of appellant Ira J. Spector, M.D. (*Alvarez v Prospect Hosp.,* 68 NY2d 320; *Kleinert v Begum,* 144 AD2d 645; *Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281; *Chulla v DiStefano,* 242 AD2d 657; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639; *Gedon v Bry-Lin Hosps.,* 286 AD2d 892; *Megally v LaPorta,* 253 AD2d 35; *Lipton v Kaye,* 214 AD2d 319; *Fridovich v David,* 188 AD2d 984; *Ferrara v South Shore Orthopedic Assoc.,* 178 AD2d 364.) III. The Appellate Division erred in reversing the IAS court and concluding that the first and second causes of action stated cognizable claims. (*Becker v Schwartz,* 46 NY2d 401; *Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978; *Spano v Bertocci,* 299 AD2d 335.)

*Aaronson Rappaport Feinstein & Deutsch, LLP,* New York City (*Steven C. Mandell* of counsel), for Sheila Kumari-Subaiya, M.D. and another, appellants. I. A mother may not recover damages for emotional distress on the theory that her child was born impaired as a result of defendant's negligence. (*Landon v New York Hosp.,* 65 NY2d 639; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; *Stewart v Long Is. Coll. Hosp.,* 30 NY2d 695; *Tobin v Grossman,* 24 NY2d 609; *DeCintio v Lawrence Hosp.,* 299 AD2d 165; *Burgess v Miller,* 124 AD2d 692; *Anderson v Wiener,* 100 AD2d 919; *Osborn v Andrus Pavilion of St. John's Riverside Hosp.,* 100 AD2d 840.) II. The parties by their stipulation may limit the issues to be litigated or otherwise make the law of the case. Here, plaintiffs' stipulation established that they did not possess a malpractice claim as to appellant Sheila Kumari-Subaiya, M.D., effectively ratifying the propriety of its dismissal by the Supreme Court. Therefore, the Appellate Division was required—but failed—to dismiss plaintiff Karen Sheppard's derivative sixth cause of action. (*Tebbutt v Virostek,* 65 NY2d 931; *Hallock v State of New York,* 64 NY2d 224; *Mitchell v New York Hosp.,* 61 NY2d 208; *Martin v City of Cohoes,* 37 NY2d 162;

*Matter of Frutiger,* 29 NY2d 143; *Stevenson v News Syndicate Co.,* 302 NY 81; *Matter of Malloy,* 278 NY 429; *Matter of New York, Lackawana & W. R.R. Co.,* 98 NY 447; *Dolitsky's Dry Cleaners v Y L Jericho Dry Cleaners,* 203 AD2d 322; *Nottenberg v Walber 985 Co.,* 160 AD2d 574.) III. On the testimony adduced, as a pure matter of logic, and upon plaintiffs' stipulation, Karen Sheppard's emotional distress claim should have been dismissed on proximate cause grounds. (*Dempsey v Methodist Hosp.,* 159 AD2d 541; *Mortensen v Memorial Hosp.,* 105 AD2d 151; *Monahan v Weichert,* 82 AD2d 102; *Kimball v Scors,* 59 AD2d 984; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Howard v Lecher,* 42 NY2d 109; *Becker v Schwartz,* 46 NY2d 401; *Stewart v Long Is. Coll. Hosp.,* 30 NY2d 695; *Koehler v Schwartz,* 48 NY2d 807.) IV. Beyond the foregoing, on the facts here, to rule otherwise would result in a threefold recovery of damages for emotional distress, once on behalf of the infant plaintiff for his own injuries and twice for the infant plaintiff's mother. (*Hill v St. Clare's Hosp.,* 67 NY2d 72; *Derby v Prewitt,* 12 NY2d 100; *Matter of Parchefsky v Kroll Bros.,* 267 NY 410; *Milks v McIver,* 264 NY 267; *Zarcone v Perry,* 78 AD2d 70; *Clark v Halstead,* 276 App Div 17.)

*Davidson & Cohen, P.C.,* Rockville Centre (*Bruce E. Cohen* of counsel), for respondents. I. The surviving infant's claim for damages for medical malpractice sustained in utero was properly recognized by the Appellate Division and, to the extent that claims sounded in "wrongful life," same was previously conceded as inapplicable and dismissed by the Appellate Division. (*Becker v Schwartz,* 46 NY2d 401; *Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978; *Solicitor for Affairs of His Majesty's Treasury v Bankers Trust Co.,* 304 NY 282; *Matter of McDonald,* 211 NY 272; *Gregoire v G.P. Putnam's Sons,* 298 NY 119; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Cohn v Lionel Corp.,* 21 NY2d 559; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755.) II. The Appellate Division correctly permitted Karen Sheppard's claim for emotional distress. (*Johnson v State of New York,* 37 NY2d 378; *Broadnax v Gonzalez,* 2 NY3d 148; *Ferrara v Bernstein,* 81 NY2d 895; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632; *Martinez v Long Is. Jewish Hillside Med. Ctr.,* 70 NY2d 697; *Endresz v Friedberg,* 24 NY2d 478; *Tebbutt v Virostek,* 65 NY2d 931; *Perry-Rogers v Obasaju,* 282 AD2d 231; *Kennedy v McKesson Co.,* 58 NY2d 500; *Howard v Lecher,* 42 NY2d 109.)

III. There can be no limitations placed upon the surviving infant's right of recovery for tortiously inflicted prenatal injuries. (*Woods v Lancet,* 303 NY 349; *Endresz v Friedberg,* 24 NY2d 478; *LaBello v Albany Med. Ctr. Hosp.,* 85 NY2d 701.) IV. Additional arguments advanced by appellant Ira J. Spector, M.D. are not subject of this appeal. (*Lee v City of New York,* 162 AD2d 34; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639; *Sawh v Schoen,* 215 AD2d 291; *Bienz v Central Suffolk Hosp.,* 163 AD2d 269; *Cogswell v Chapman,* 249 AD2d 865; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308.) V. New and novel arguments of appellants Sheila Kumari-Subaiya, M.D. and Promedica Imaging, P.C., regarding the effect of the stipulation were not raised before the Appellate Division and are not preserved for review. (*Rohring v City of Niagara Falls,* 84 NY2d 60.)

*Law Offices of Michael A. Haskel,* Mineola (*Michael A. Haskel* of counsel), for University Associates in Obstetrics and Gynecology, P.C., amicus curiae. I. *Broadnax v Gonzalez* (2 NY3d 148 [2004]) should not be extended. (*Matter of Doyle v Amster,* 79 NY2d 592; *Matter of Dettmer,* 178 Misc 401, 266 App Div 877, 292 NY 688; *People v Bing,* 76 NY2d 331; *Payne v Tennessee,* 501 US 808; *Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Pratt Inst. v City of New York,* 183 NY 151; *Matter of Weinbaum,* 51 Misc 2d 538; *Johnson, Drake & Piper v State of New York,* 24 AD2d 11; *Empire Sq. Realty Co. v Chase Natl. Bank of City of N.Y.,* 181 Misc 752, 267 App Div 817, 901.) II. Practical considerations militate against extending *Broadnax v Gonzalez* (2 NY3d 148 [2004]). (*Tebbutt v Virostek,* 65 NY2d 931; *People v Hobson,* 39 NY2d 479.) III. Public policy weighs heavily in favor of limiting *Broadnax v Gonzalez* (2 NY3d 148 [2004]).

*Mauro Goldberg & Lilling LLP,* Great Neck (*Kenneth Mauro* and *Richard J. Montes* of counsel), for New York and Presbyterian Hospital and others, amici curiae. I. The Appellate Division erred in interpreting this Court's decision in *Broadnax v Gonzalez* (2 NY3d 148 [2004]) to allow a mother to assert a cause of action for the alleged emotional distress she sustained by giving birth to a child born alive, but impaired by medical malpractice. (*Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; *Tebbutt v Virostek,* 65 NY2d 931; *Martinez v Long Is. Jewish Hillside Med. Ctr.,* 70 NY2d 697; *Woods v Lancet,* 303 NY 349; *Miller v Rivard,* 180

AD2d 331; *Weintraub v Brown,* 98 AD2d 339; *Endresz v Friedberg,* 24 NY2d 478; *Desiderio v Ochs,* 100 NY2d 159.)

*Shaub, Ahmuty, Citrin & Spratt, LLP,* Lake Success (*Steven J. Ahmuty, Jr.* of counsel), and *Susan C. Waltman,* New York City, for Beth Israel Medical Center and others, amici curiae. The Appellate Division decision directly conflicts with, and constitutes an unwarranted major expansion of, the injury-specific rule set forth in *Broadnax v Gonzalez* (2 NY3d 148 [2004]). (*Landon v New York Hosp.,* 101 AD2d 489, 65 NY2d 639; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Becker v Schwartz,* 46 NY2d 401; *Howard v Lecher,* 42 NY2d 109; *Stewart v Long Is. Coll. Hosp.,* 30 NY2d 695; *Tobin v Grossman,* 24 NY2d 609; *Tebbutt v Virostek,* 65 NY2d 931; *Endresz v Friedberg,* 24 NY2d 478.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Fay Leoussis, Laurel Hoffman, Kristin M. Helmers* and *Alan G. Krams* of counsel), for New York City Health and Hospitals Corporation, amicus curiae. A mother does not have a separate cause of action for emotional distress arising out of injuries to her newborn child where the child has been born alive and can seek damages for any impairments caused by malpractice. (*Endresz v Friedberg,* 24 NY2d 478; *Broadnax v Gonzalez,* 2 NY3d 148; *Tebbutt v Virostek,* 65 NY2d 931.)

*Bartlett, McDonough, Bastone & Monaghan, LLP,* White Plains (*Edward J. Guardaro, Jr.* of counsel), for Combined Coordinating Counsel, Inc., amicus curiae. I. The Appellate Division's reinstatement of plaintiff's sixth cause of action was error. (*Broadnax v Gonzalez,* 2 NY3d 148; *Becker v Schwartz,* 46 NY2d 401; *Tebbutt v Virostek,* 65 NY2d 931; *Endresz v Friedberg,* 24 NY2d 478; *Howard v Lecher,* 42 NY2d 109; *Johnson v State of New York,* 37 NY2d 378; *Lauer v City of New York,* 258 AD2d 92; *Murphy v American Home Prods. Corp.,* 58 NY2d 293.) II. The policy considerations against a further expansion of the law are significant. (*Broadnax v Gonzalez,* 2 NY3d 148; *Tobin v Grossman,* 24 NY2d 609; *Ellis v Peter,* 211 AD2d 353, 86 NY2d 885; *O'Toole v Greenberg,* 64 NY2d 427; *Weintraub v Brown,* 98 AD2d 339; *Sorkin v Lee,* 78 AD2d 180; *Sala v Tomlinson,* 73 AD2d 724, 49 NY2d 701, 801; *Howard v Lecher,* 42 NY2d 109.) III. Plaintiff's claims are clearly for wrongful life. (*Becker v Schwartz,* 46 NY2d 401; *Park v Chessin,* 46 NY2d 401.)

*Shoshana T. Bookson,* New York City, *Val Washington, Clifford S. Nelson* and *Glenn von Nostitz* for New York State Trial

Lawyers Association, Inc., amicus curiae. I. A cause of action for emotional distress is proper on behalf of a woman who gives birth to a live child in a severely impaired state. (*Broadnax v Gonzalez,* 2 NY3d 148; *Tebbutt v Virostek,* 65 NY2d 931; *Woods v Lancet,* 303 NY 349; *Endresz v Friedberg,* 24 NY2d 478; *Johnson v State of New York,* 37 NY2d 378; *Ferrara v Bernstein,* 81 NY2d 895; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Martinez v Long Is. Jewish Hillside Med. Ctr.,* 70 NY2d 697; *Fahey v Canino,* 304 AD2d 1069.) II. The public policy arguments advanced by defendants are contradicted by the facts.

*LeBoeuf, Lamb, Greene & MacRae, L.L.P.,* New York City (*Jay G. Safer* and *Brian K. Friedman* of counsel), for Medical Society of the State of New York and another, amici curiae. The Appellate Division misapplied the holding of *Broadnax v Gonzalez* (2 NY3d 148 [2004]) in its decision. (*Tebbutt v Virostek,* 65 NY2d 931; *Woods v Lancet,* 303 NY 349; *Bovsun v Sanperi,* 61 NY2d 219; *Trombetta v Conkling,* 82 NY2d 549; *Howard v Lecher,* 42 NY2d 109; *Becker v Schwartz,* 46 NY2d 401; *Vaccaro v Squibb Corp.,* 52 NY2d 809; *Tobin v Grossman,* 24 NY2d 609; *Pratt Inst. v City of New York,* 183 NY 151; *532 Madison Ave. Gourmet Foods v Finlandia Ctr.,* 96 NY2d 280.)

### OPINION OF THE COURT

G.B. SMITH, J.

In *Broadnax v Gonzalez* and *Fahey v Canino* (2 NY3d 148 [2004]), this Court held that medical malpractice resulting in a miscarriage or stillbirth must be construed as a violation of the duty of care to the expectant mother, entitling her to damages for emotional distress. This case calls upon us to determine whether an expectant mother may recover damages for emotional harm where the alleged medical malpractice causes in utero injury to the fetus, subsequently born alive. We hold that, under *Broadnax/Fahey,* she may not.

In July 1999, plaintiff Karen Sheppard met with defendant Dr. Leslie A. King, of defendant Obstetrical & Gynecological Services of Rockville Centre (OGSRC), complaining of lower abdominal discomfort. After conducting various tests, Dr. King informed her both that she was pregnant and that she had large fibroids in her uterus. Dr. King told her that as a result of her fibroids, she was not likely to carry the fetus to term. Sheppard alleges that Dr. King advised her to terminate the pregnancy.

Dr. King subsequently referred Sheppard to Dr. Ira J. Spector for a second opinion concerning the performance of a surgical

abortion. She asserts that Dr. Spector informed her that as a result of the fibroids, her pregnancy would not last beyond the fifth month, and that if the fibroids did not abort the pregnancy, "the baby would be terrible." However, Dr. Spector advised her that, given her condition, a surgical abortion would be difficult and dangerous. Thus, Dr. Spector suggested that a nonsurgical abortion be accomplished with the drug methotrexate, which breaks down fetal tissue.

In August 1999, while Sheppard was in her seventh week of pregnancy, Dr. King administered the methotrexate. According to Dr. King, he acted in consultation with Dr. Spector, who allegedly advised that the drug be administered in two separate 50-milligram doses, the second dose to be administered one week after the first. Upon administering the second dose, Dr. King allegedly advised Sheppard that she could detect no fetal heartbeat. Shortly thereafter, Sheppard met with defendant Dr. Sheila Kumari-Subaiya, a radiologist and owner of defendant Promedica Imaging, P.C., because although Sheppard believed the pregnancy to be terminated, she was concerned about the absence of fetal discharge. Dr. Kumari-Subaiya performed a sonogram and advised Sheppard that there was no fetal heartbeat.

Sheppard asserts that over the next few months, she experienced abdominal and pelvic discomfort and was concerned about the possibility of ovarian, cervical or uterine cancer. She consulted with a different radiology group, and after a sonogram was performed, learned that the abortion procedure had failed and that she was in her 28th week of pregnancy. Sheppard alleges that Dr. King had given her too small a dose of methotrexate to accomplish the abortion.

When Drs. King and Spector learned that Sheppard was still pregnant and that the fetus was at risk of birth defects due to exposure to methotrexate, they discussed with her the possibility of an out-of-state late-term abortion. Sheppard ultimately rejected that option and decided to carry the child to term. On March 3, 2000, infant plaintiff Jo'Ell Sheppard-Mobley was born, suffering from fetal methotrexate syndrome, manifested through serious congenital impairments. This action was commenced in Supreme Court on behalf of Sheppard, the infant and the infant's father, Lemuel Mobley, alleging malpractice by Drs. King, Spector and Kumari-Subaiya, as well as OGSRC and Promedica. In seven causes of action, the complaint alleges that infant plaintiff suffered severe physical injuries caused by

defendants' failure to properly diagnose, care for and treat Sheppard during the course of her pregnancy. The complaint seeks to recover damages on behalf of the infant for his physical injuries and for the parents' loss of the child's services and medical expenses. On behalf of Sheppard, the complaint alleges physical and emotional injuries caused by defendants' alleged medical malpractice. Finally, as against Dr. King, OGSRC and Dr. Spector, the complaint alleges lack of informed consent in their treatment of Sheppard.

Defendants made motions for summary judgment dismissing various causes of action, the most pertinent of which was their motion to dismiss the sixth cause of action seeking damages for Sheppard's emotional distress. While the trial court granted defendants' motion, the Appellate Division overturned that decision. Noting that during the pendency of the appeal, this Court decided *Broadnax/Fahey* and thereby implicitly overruled *Tebbutt v Virostek* (65 NY2d 931 [1985]), the Appellate Division concluded that even in the absence of physical injuries, Sheppard could recover damages for emotional distress caused by a violation of the duty of care owed to her while she was being treated during her pregnancy. The Court concluded that while *Broadnax/Fahey* involved the stillbirth or miscarriage due to alleged malpractice, this Court's analysis was also applicable to cases involving the live birth of a severely impaired child. Thus, the Court reinstated this cause of action, and granted defendants leave to appeal to this Court. We now modify the order of the Appellate Division by dismissing the sixth cause of action with leave to plaintiffs to replead that claim, and otherwise affirm.

Our decision in *Broadnax/Fahey* was intended to fill a gap created by our previous decision in *Tebbutt* which concerned the medical malpractice performed upon the body of an expectant mother resulting in a miscarriage or stillbirth. Our jurisprudence has long permitted infants who suffer a legally cognizable injury in the womb and survive the pregnancy to seek damages for their injuries (*see Woods v Lancet*, 303 NY 349 [1951]). We also have long permitted a pregnant mother who suffered an independent injury as a result of malpractice to bring suit for her own personal injuries (*see Ferrara v Bernstein*, 81 NY2d 895 [1993]; *Martinez v Long Is. Jewish Hillside Med. Ctr.*, 70 NY2d 697 [1987]). However, where medical malpractice caused a miscarriage or stillbirth, no claim for wrongful death existed on behalf of the child (*see Endresz v Friedberg*, 24 NY2d 478 [1969]). As we held in *Tebbutt*, the expectant mother could not

bring a cause of action for negligently causing a miscarriage or stillbirth (65 NY2d 931 [1985]).

As we recognized in *Broadnax/Fahey*, our tort jurisprudence in this area created a "peculiar result" in that "it exposed medical caregivers to malpractice liability for in utero injuries when the fetus survived, but immunized them against any liability when their malpractice caused a miscarriage or stillbirth" (2 NY3d at 154). Moreover, we recognized the injustice created by "categorically denying recovery to a narrow, but indisputably aggrieved, class of plaintiffs" (*id.*). It was this particular injustice that we sought to rectify when we held that a mother could recover for emotional injuries when medical malpractice caused a stillbirth or a miscarriage, even without a showing that she suffered an independent physical injury. In other words, our holding in *Broadnax/Fahey* is a narrow one, intended to permit a cause of action where otherwise none would be available to redress the wrongdoing that resulted in a miscarriage or stillbirth.

■ In the case now before us, the Appellate Division improperly extended our decision in *Broadnax/Fahey* by reinstating Sheppard's sixth cause of action seeking damages for emotional harm based on the birth of a live infant with physical injuries. The rule pronounced in *Broadnax/Fahey* does not apply here, where infant plaintiff was injured in utero, but carried to term and born alive. After all, as we stated in *Woods v Lancet*, a child born alive may bring a medical malpractice action for physical injuries inflicted in the womb (303 NY 349 [1951]).

■ However, as defendants conceded during oral argument, Sheppard's sixth cause of action can proceed to the extent that she seeks damages for emotional harm that she suffered as a result of an independent injury (*see Ferrara*, 81 NY2d at 898 [plaintiff permitted to recover emotional damages caused by negligent abortion services and the defendant's failure to inform her of the incomplete abortion and the need to promptly return to the medical facility]; *Martinez*, 70 NY2d at 699 [plaintiff entitled to recover damages for mental anguish suffered as a result of the defendant's breach of duty to her in negligently advising her that her child would be born with severe congenital defects, thus convincing her to obtain an unnecessary abortion, contrary to her strongly held beliefs]).

■ ■ Sheppard now alleges that as a result of defendants' breach of their duties owed directly to her, she suffered mental

anguish resulting from an independent injury. Specifically, Sheppard claimed that she was advised that due to fibroids, she would not be able to carry her child to term. Relying on defendants' advice, she underwent a chemical abortion. She was subsequently informed that the procedure was a success when, in fact, it had failed. Upon learning that she was carrying a compromised fetus, she had to decide whether to seek an out-of-state late-term abortion or give birth to a child likely to have congenital defects due to exposure to methotrexate. Such allegations may support a finding of injury independent of the birth of an impaired child. Because the complaint does not set forth these independent allegations, however, we dismiss the sixth cause of action and remit for Sheppard to amend her complaint to plead such injury. Finally, we conclude that the Appellate Division properly reinstated the first two causes of action against Drs. King and Spector brought on behalf of infant plaintiff. To be sure, a cause of action may not be maintained on behalf of an infant plaintiff based on a claim of "wrongful life" or the assertion that but for the negligence of the healthcare provider, the parent would have aborted the fetus rather than giving birth to a child with abnormalities (*see Alquijay v St. Luke's-Roosevelt Hosp. Ctr.,* 63 NY2d 978 [1984]; *Becker v Schwartz,* 46 NY2d 401 [1978]). However, as the Appellate Division properly concluded, the first two causes of action are not limited to wrongful life claims. Thus, infant plaintiff does not claim that defendant doctors negligently failed to administer the proper dosage of methotrexate in order to abort the pregnancy. Rather, he has alleged that his injuries were caused by defendants' erroneous advice to Sheppard that she would not be able to carry the fetus to term and thereby wrongly advised her to undergo the chemical abortion. Infant plaintiff claims that had defendants not been negligent in this regard, Sheppard would not have undergone methotrexate treatments and she would have given birth to a healthy child. These claims are sufficient to overcome defendants' motion to dismiss (*see Woods,* 303 NY at 356-357).

Accordingly, the order of the Appellate Division should be modified, without costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed. The certified question should be answered in the negative.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT,

GRAFFEO, READ and R.S. SMITH concur.

Order modified, etc.