*579 OPINION OF THE COURT
David R. Demarest, J.
On May 7, 2003, plaintiff, Sarah Warnock, was admitted to the Massena Memorial Hospital where it was determined that she was in active premature labor. Eventually, she delivered her son, who unfortunately died approximately two hours later. This action seeks to recover for injuries sustained by Ms. Warnock as a result of alleged improper care and treatment of her by the defendants. Those injuries include the emotional distress she suffered as a result of the live birth and subsequent death of her son, as well as alleged personal physical injuries. Damages are also sought for injury to and the wrongful death of her child.
The defendants move for an order, pursuant to CPLR 3211 and 3212, dismissing the individual claims of Ms. Warnock for failure to state a cause of action. The defendants argue that a mother may not recover for emotional injuries sustained as a result of the live birth of a child, even though the child dies within a short time after birth. They further allege that Ms. Warnock has not alleged physical injury to herself beyond those naturally attendant to childbirth.
In 2004, the Court of Appeals, in Broadnax v Gonzalez/Fahey v Canino (2 NY3d 148 [2004]), recognized that, even in the absence of an independent injury, medical malpractice which causes a miscarriage or stillbirth permits the mother to recover for emotional injuries. This decision overruled Tebbutt v Virostek (65 NY2d 931 [1985]), which prohibited such recovery, the Court finding that injury to a fetus which prevents viability permitted the health care provider who violated a duty of care to the fetus to escape responsibility.
In Sheppard-Mobley v King (4 NY3d 627 [2005]), the Court refused to extend the reasoning of Broadnax to the situation where a child is injured in útero, but is subsequently born alive. In that case, the alleged malpractice caused the child to be severely impaired, giving rise to the child’s own claim for malpractice. The mother’s independent claims for emotional distress were denied, absent a showing of an independent physical injury to her. The Court held that Broadnax/Fahey was intended to remedy the “peculiar result” created by the decision in Tebbutt in which medical malpractice causing a miscarriage or stillbirth created no claim for wrongful death (4 NY3d at 637). Thus, one could be found liable for injuries to a fetus born alive, but immunized from liability if the malpractice caused a miscarriage or stillbirth.
*580 There remains the further “peculiar result” as presented here. May a woman recover for her emotional injuries where the baby is injured in útero, is born alive, but dies shortly after birth? An article published after the decision in SheppardMobley raises this question and notes that the record in the Fa-hey case, decided with Broadnax, reveals that the mother delivered twins, one of whom was born alive and was moving for a period of time after delivery. (Moore and Gaier, Medical Malpractice, If Error Occurs Before/During Delivery, Baby Dies Shortly After, NYLJ, June 7, 2005, at 3, col 1.) If it cannot be proven that the child had some level of awareness during his short life, there can be no claim for conscious pain and suffering. In that case, according to the commentators, by the reasoning in Sheppard-Mobley, the mother should have a claim for her own emotional distress.
This anomaly is troublesome, but the clear dictates of the Court of Appeals in Sheppard-Mobley leave me no choice but to hold that the mother here does not state a cause of action for emotional harm caused by an injury to her fetus, resulting in a live birth. Hopefully, the appellate courts will provide us with further guidance in situations such as this.
The claim of Ms. Warnock for injuries she, herself, allegedly sustained must also be dismissed. Other than her own affidavit and that of her attorney, no medical proof has been proffered that she suffered injury beyond those naturally experienced in childbirth. (Miller v Chalom, 269 AD2d 37 [3d Dept 2000].)
The motions of the defendants are hereby granted, and it is ordered that the individual claims of Sarah Warnock be, and hereby are, dismissed.