ANNEYA WARD, Appellant, v CHISTA SAFAJOU, M.D., et al., Defendants, and NHAN TAI, M.D., et al., Respondents. [43 NYS3d 447]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated August 6, 2014, as granted that branch of the motion of the defendants Nhan Tai and Gail McDonald-Pearson which was for summary judgment dismissing the complaint insofar as as-

serted against them, and the separate motion of the defendant Vassar Brothers Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action to recover damages for emotional distress she allegedly sustained as a result of the defendants' medical malpractice in failing to recognize or act upon fetal distress, causing in utero injury to her fetus. The defendants Nhan Tai and Gail McDonald-Pearson moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff could not recover for any alleged emotional distress because the infant was born alive. The defendant Vassar Brothers Hospital separately moved for summary judgment dismissing the complaint insofar as asserted against it on the same ground. In opposition to the motions, the plaintiff conceded that the infant was born alive, but argued that she nonetheless could recover for her own emotional distress because the infant had no consciousness from the time of birth until she died eight days later. The Supreme Court awarded summary judgment to the moving defendants dismissing the complaint insofar as asserted against each of them on the ground that because the infant was born alive, the mother could not recover for her own emotional distress.

When an infant who is injured by medical malpractice while in utero survives the pregnancy, the infant may seek damages for his or her injuries (*see Sheppard-Mobley v King*, 4 NY3d 627, 636 [2005]; *Woods v Lancet*, 303 NY 349 [1951]). If the pregnant mother suffers an independent injury as a result of malpractice, she may commence suit to recover for her own personal injuries (*see Sheppard-Mobley v King*, 4 NY3d at 636; *Ferrara v Bernstein*, 81 NY2d 895, 898 [1993]). If the malpractice causes a stillbirth or miscarriage, the mother can recover for emotional injuries even without showing that she suffered an independent physical injury (*see Broadnax v Gonzalez*, 2 NY3d 148 [2004]). However, where, as here, the alleged medical malpractice causes in utero injury to a fetus that is born alive, the mother cannot recover damages for emotional harm (*see Sheppard-Mobley v King*, 4 NY3d 627 [2005]).

We disagree with the plaintiff's contention that her case falls within a legal void left open by the Court of Appeals' determinations in *Sheppard-Mobley v King* (4 NY3d 627 [2005]) and *Broadnax v Gonzalez* (2 NY3d 148 [2004]). In *Broadnax v*

*Gonzalez*, the Court of Appeals overruled prior precedent and held that a mother could recover for emotional injuries when medical malpractice caused a stillbirth or a miscarriage (*see id.*). It did so in order to remedy the injustice that a negligent medical caregiver otherwise was immunized when the malpractice caused a miscarriage or stillbirth, since the fetus cannot commence suit and the parent cannot assert a cause of action to recover damages for wrongful death where there was no birth (*see Sheppard-Mobley v King*, 4 NY3d at 637; *Broadnax v Gonzalez*, 2 NY3d at 154). The Court provided a remedy to this "narrow, but indisputably aggrieved, class of plaintiffs" (*Broadnax v Gonzalez*, 2 NY3d at 154). In *Sheppard-Mobley v King*, the Court declined to broaden that narrow class to cases where the fetus is born alive, noting that "a child born alive may bring a medical malpractice action for physical injuries inflicted in the womb" (*Sheppard-Mobley v King*, 4 NY3d at 637; *see Woods v Lancet*, 303 NY 349 [1951]). The instant case falls squarely within *Sheppard-Mobley* (*cf. Warnock v Duello*, 30 AD3d 818, 819 [2006]).

Contrary to the plaintiff's contention, an infant who dies soon after birth is not without a remedy to recover for any alleged wrongs suffered in utero (*see Sheppard-Mobley v King*, 4 NY3d at 636; *Woods v Lancet*, 303 NY 349 [1951]; *Levin v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 119 AD3d 480, 484 [2014]; *James v Middletown Community Health Ctr.*, 278 AD2d 280, 281 [2000]; *cf. Cummins v County of Onondaga*, 84 NY2d 322, 324 [1994]; *McDougald v Garber*, 73 NY2d 246, 255 [1989]; *Parilis v Feinstein*, 49 NY2d 984, 985 [1980]; *Rivera v City of New York*, 80 AD3d 595, 597 [2011]).

Accordingly, the Supreme Court properly awarded summary judgment to the moving defendants dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur. ▮