Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered September 29, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiffs Carla Brashaw (mother) and Sean Brashaw (father) are the parents of an infant who died shortly after birth (decedent), and they commenced this medical malpractice action seeking to recover damages for emotional injuries that they allegedly sustained as a result of defendants’ negligence in providing medical treatment while the mother was pregnant with the decedent. The relevant facts are not in dispute. In 2011, the mother became pregnant and began receiving treatment from defendant Elliot C. Cohen, M.D. The mother had a history of difficult pregnancies and, after approximately 20 weeks, Cohen diagnosed her as having an incompetent cervix and the mother was admitted to the hospital. Three days later, the mother delivered the decedent. Doctors at the hospital told plaintiffs that the decedent would not survive because his lungs were not fully developed and, indeed, he died only an hour after delivery. During his short life, the decedent had a slow heartbeat, was breathing, and could grab his father’s finger, but his skin remained pale blue in color, he did not cry, and he did not move his arms and legs. The mother did not sustain an independent injury during the course of the pregnancy or the delivery.
 

 Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint. Initially, we note that plaintiffs do not dispute that the action was properly dismissed insofar as it was brought by the father. Insofar as the action was brought by the mother, where, as here, an infant is injured in útero as a result of medical malpractice and is born alive, the mother cannot recover damages for emotional injuries without having sustained an independent injury as a result of the alleged malpractice (see Sheppard-Mobley v King, 4 NY3d 627, 636 [2005]; Ward v Safajou, 145 AD3d 836, 837 [2016], lv denied 29 NY3d 906 [2017]). Under such circumstances, the infant may commence an action seeking damages for his or her injuries (see Sheppard-Mobley, 4 NY3d at 636; Ward, 145 AD3d at 837). Absent an independent injury, the mother can recover damages for emotional injuries arising from medical malpractice that causes an in útero injury only if that malpractice results in miscarriage or stillbirth (see Broadnax v Gonzalez, 2 NY3d 148, 155 [2004]; Ward, 145 AD3d at 837).
 

 We reject plaintiffs’ contention that this case falls into a “logical gap” left open by Broadnax and Sheppard-Mobley. In Broadnax, the Court of Appeals allowed a mother to bring an action to recover damages for emotional injuries “where otherwise none would be available to redress the wrongdoing that resulted in a miscarriage or stillbirth” (Sheppard-Mobley, 4 NY3d at 637; see Broadnax, 2 NY3d at 155). Later, in Sheppard-Mobley, the Court expressly declined to expand that doctrine to a situation where the injured infant was born alive and thus was capable of bringing his or her own action (see Sheppard-Mobley, 4 NY3d at 637; see also Ward, 145 AD3d at 837). Insofar as plaintiffs contend that the mother should be able to recover damages for emotional injuries because a wrongful death cause of action would not have a viable accompanying cause of action for conscious pain and suffering, we conclude that this is an inherent aspect of wrongful death actions rather than a specific problem with prenatal medical malpractice actions (see generally Anderson v Rowe, 73 AD2d 1030, 1031 [1980]). Whether to allow a plaintiff to recover damages for emotional injuries under such circumstances is a matter for the Legislature.
 

 Present — Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.