Waring v Matalon (2020 NY Slip Op 03686)





Waring v Matalon


2020 NY Slip Op 03686


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12568
 (Index No. 10248/11)

[*1]Kaymarie Waring, appellant, 
v
Martin Matalon, etc., et al., respondents, et al., defendants.


The Jacob D. Fuchsberg Law Firm, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, Michael H. Zhu, and Brianna Walsh], of counsel), for appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville, NY (Elizabeth Gelfand Kastner of counsel), for respondent Martin Matalon.
Kelly, Rode & Kelly, LLP, Mineola, NY (George J. Wilson of counsel), for respondent Jonathan Goldstein.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondents Southside Hospital and North Shore University Hospital.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated September 27, 2016. The order, insofar as appealed from, granted the separate motions of the defendants Martin Matalon and Jonathan Goldstein for summary judgment dismissing the cause of action to recover damages for emotional distress arising out of alleged medical malpractice insofar as asserted against each of them and that branch of the motion of the defendants Southside Hospital and North Shore University Hospital, among others, which was for summary judgment dismissing the cause of action to recover damages for emotional distress arising out of alleged medical malpractice insofar as asserted against the defendants Southside Hospital and North Shore University Hospital.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action, inter alia, to recover damages for emotional distress arising out of alleged medical malpractice by the defendants Southside Hospital, Martin Matalon, Jonathan Goldstein, and North Shore University Hospital (hereinafter North Shore) which caused her to deliver a stillborn baby. According to the plaintiff, on November 5, 2010, she was 26 weeks pregnant and presented with high blood pressure to Southside Hospital, where she was treated by Matalon and Goldstein. The plaintiff also alleged that, two days later, on November 7, 2010, she was diagnosed with severe preeclampsia and was transferred to North Shore.
Matalon and Goldstein separately moved for summary judgment dismissing the cause [*2]of action to recover damages for emotional distress arising out of alleged medical malpractice insofar as asserted against each of them on the ground that the plaintiff could not recover damages for emotional distress as the infant was born alive. Southside Hospital, North Shore, and other defendants (hereinafter collectively the hospital defendants) moved, inter alia, for summary judgment dismissing that cause of action insofar as asserted against Southside Hospital and North Shore on the same ground. The Supreme Court granted the motions, finding that the plaintiff failed to raise a triable issue of fact as to whether the infant was stillborn and that, therefore, the plaintiff could not recover for her own emotional distress. The plaintiff appeals.
We agree with the Supreme Court's determination granting the motions of Matalon and Goldstein and the branch of the hospital defendants' motion. A mother cannot recover damages for emotional harm where the alleged malpractice causes in utero injury to a fetus that is born alive (see Sheppard-Mobley v King, 4 NY3d 627, 634; Ward v Safajou, 145 AD3d 836, 837). New York State Public Health Law defines a "live birth" as "the complete expulsion or extraction from its mother or a product of conception, irrespective of the duration of the pregnancy, which, after such separation, breathes or shows any other evidence of life such as beating of the heart" (Public Health Law § 4130[1]). According to the defendants' submissions, the plaintiff's infant was born with a spontaneous heartbeat of less than 60 beats per minute and was given an Apgar score of "1" at 1 minute, 5 minutes, and 10 minutes after delivery based on a heartbeat of less than 100 beats per minute. The hospital records submitted with the defendants' motions show that respiratory effort was absent, the infant's muscle tone was flaccid, her color was "blue/pale," and there were no reflex responses. The records also show that resuscitative efforts were initiated, but the infant's heart rate remained at less than 60 beats per minute with no respiratory effort, and the infant died in the delivery room that same day, less than 20 minutes after she was born. In addition, the defendants submitted copies of a certificate of live birth of the infant and her death certificate, together with the affirmation of the physician who delivered the infant averring that the infant was born with a spontaneous heartbeat prior to any resuscitative efforts, as well as a transcript of the plaintiff's deposition testimony that, at the hospital, she was told it was a live birth (see Bradshaw v Cohen, 154 AD3d 1327, 1328; Levin v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.], 119 AD3d 480, 482-483).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted the affidavit of a medical expert in pediatric neurology who conceded that the infant was born with a heartbeat and who never opined that the infant was stillborn. Although the plaintiff's expert attested that the infant did not show signs of brain activity, was never conscious, was not viable, and was "clinically and legally dead at the time of delivery," the affidavit of the plaintiff's expert was insufficient to raise an issue of fact as to whether the infant was stillborn (see Ward v Safajou, 145 AD3d at 837-838; Levin v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.], 119 AD3d at 483). Inasmuch as the plaintiff contends that she should be able to recover for emotional injuries because a wrongful death cause of action on behalf of the infant would not have a viable accompanying cause of action for conscious pain and suffering since the records show that the infant was never conscious, "we conclude that this is an inherent aspect of wrongful death actions rather than a specific problem with prenatal medical malpractice actions" (Brashaw v Cohen, 154 AD3d at 1329).
Accordingly, the order should be affirmed insofar as appealed from.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court