Khanra v Mogilyansky (2022 NY Slip Op 04160)

Khanra v Mogilyansky

2022 NY Slip Op 04160

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2018-07675
 (Index No. 501535/15)

[*1]Kristina Khanra, et al., appellants,
v
Yulia Mogilyansky, etc., et al., respondents, et al., defendant.

The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly, Deborah Pearl Henkin, and John Margand of counsel), for appellants.
McAloon & Friedman, P.C., New York, NY (Roya Namvar and Gina Bernardi Di Folco of counsel), for respondents.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for defendant Lenox Hill Hospital.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated May 22, 2018. The order, insofar as appealed from, granted the motion of the defendants Yulia Mogilyansky and Alexander Shifrin Medical, P.C., for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Yulia Mogilyansky and Alexander Shifrin Medical, P.C., for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them is denied.
The plaintiffs commenced this action to recover damages, inter alia, for emotional distress allegedly sustained by the plaintiff Kristina Khanra as a result of the defendants' medical malpractice, which caused her to deliver a stillborn baby. The hospital records indicated that, upon removal from the womb by caesarean section, it was observed that the infant was "floppy," had "no spontaneous respirations," and had "no heart rate." The defendants Yulia Mogilyansky and Alexander Shifrin Medical, P.C. (hereinafter together the defendants), moved for summary judgment dismissing the first three causes of action insofar as asserted against them, which were premised, among other things, upon Kristina Khanra's emotional distress, on the ground that the plaintiffs could not recover for any alleged emotional distress because the infant was born alive. The Supreme Court granted the motion, and we reverse.
The defendants established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), by tendering evidence that the infant born to Kristina Khanra by emergency cesarean section was born alive, as a heartbeat was generated 20 minutes after the infant was removed from the womb, as a result of continuous resuscitative efforts [*2](see Amin v Soliman, 67 AD3d 835, 836). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the infant was in fact stillborn, as the infant had no respiratory response, the infant's Apgar score was zero at 1 minute, 5 minutes, 10 minutes, and 15 minutes after the infant was removed from the womb, the infant otherwise had no indicia of life, and the infant was declared deceased approximately two hours after being removed from a ventilator. Accordingly, the Supreme Court erred in determining, as a matter of law, that the infant was born alive (see Amin v Soliman, 67 AD3d at 836), and should have denied the defendants' motion for summary judgment dismissing the first three causes of action insofar as asserted against them (see Sheppard-Mobley v King, 4 NY3d 627, 636-637; Broadnax v Gonzalez, 2 NY3d 148, 155; Alvarez v Prospect Hosp., 68 NY2d at 324; Amin v Soliman, 67 AD3d at 836).
We need not reach the plaintiffs' remaining contention in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court